No. 52706.—Acme Code Co. et al. *v.* United States, protests 95452–K, etc. (New York).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 52707.—Andrew Aaronson et al. *v.* United States, protests 497126–G, etc. (New York).

Opinion by RAO, J.   The protests were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 1, 1948

No. 52708.—Raphael Weill & Co. *v.* United States, protest 52605–K (San Francisco).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.   The protest was sustained to this extent.

No. 52709.—Thomas Textile Service Co. *v.* United States, protest 56313–K (Philadelphia).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entries 7152 and 30.   The protest was sustained to this extent.

No. 52710.—J. R. Gaunt & Son, Inc. *v.* United States, protest 57596–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 816706. The protest was sustained to this extent.

**No. 52711.**—Klingerit, Inc. *v.* United States, protest 104529–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 68963. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, DECEMBER 8, 1948

**No. 52712.**—Chemical Specialties Co., Inc. *v.* United States, protests 138894–K, etc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.

BEFORE THE THIRD DIVISION, DECEMBER 8, 1948

**No. 52713.**—Westergaard, Berg-Johnsen Co. *v.* United States, protest 54102–K (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Dirk Uges* v. *United States* (19 Cust. Ct. 1, C. D. 1057) the claim of the plaintiff was sustained.